# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SACOREY CLARK, | ) |
| Petitioner, | ) |
| v. | ) No. 4:21-CV-00127-JAR |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Sacorey Clark's Amended Motion for Release and/or Conditional Release under 18 U.S.C. § 3141. (Doc. 3). Petitioner has also filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. 1). In each motion, Petitioner argues that he should not have been sentenced as an Armed Career Criminal pursuant to 18 U.S.C. § 924(e).

Following a jury trial, Petitioner was found guilty of one count of possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). *United States v. Clark*, 934 F.3d 843 (8th Cir. 2019) (per curiam). Petitioner was sentenced to 180 months' imprisonment after this Court determined that Petitioner qualified as an Armed Career Criminal, a determination which was upheld on appeal to the Eighth Circuit. *Id.* Petitioner's motion before this Court is grounded in the Bail Reform Act of 1984, but this act's provisions, specifically 18 U.S.C. § 3143(b), do not apply to a habeas petitioner whose conviction and sentence have already been affirmed on direct appeal. *Redzic v. United States*, No. 1:11-CV-00133 ERW, 2011 WL 5827798, at *1 (E.D. Mo. Nov. 18, 2011) ("The problem with Movant's reliance upon § [3143(b)], however, is that it applies to defendants who are challenging their conviction or sentence on direct appeal."); *see also United*

*States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1994) (citations omitted) ("The Bail Reform Act does not apply to federal prisoners seeking postconviction relief.").[1]

This Court will proceed to consider Petitioner's request, however, because it has "inherent authority to release an inmate on bail pending a decision for a writ of habeas corpus or a motion under § 2255, but that authority is to be used sparingly." *Alton v. United States*, 928 F. Supp. 885, 889 (E.D. Mo. 1996) (citing *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985)); *see also Mapp v. Reno*, 241 F.3d 221 (2d Cir. 2001). District courts may exercise such power if an inmate shows not only a substantial constitutional claim but also exceptional circumstances meriting special treatment in the interests of justice. *Martin v. Solem*, 801 F.2d 324, 329 (8th Cir. 1986).

Petitioner's motion does not meet this high standard, as it is merely a more limited recitation of the allegations made in his § 2255 motion. *See Redzic*, 2011 WL 5827798 at *1. The claim that Petitioner did not qualify as an Armed Career Criminal has already been rejected by the Eighth Circuit on appeal. *Clark*, 934 F.3d 843. The other claims raised in Petitioner's habeas motion do not present substantial constitutional questions and are unlikely to succeed. Petitioner generally references the ongoing COVID-19 pandemic but identifies no unique health risks establishing the exceptional circumstances required for the extraordinary relief he seeks. *See United States v. Whitfield*, No. 1:19-CR-146 SNLJ, 2020 WL 1976233, at *3 (E.D. Mo. Apr. 9, 2020) (finding COVID-19 did not present exceptional circumstances warranting release under 18 U.S.C. § 3145(c)). Petitioner has been sentenced to prison after a jury trial, and this Court will in due course carefully consider his petition for habeas relief pursuant to 28 U.S.C. § 2255. At this moment, however, Petitioner has not met the extremely high threshold required for release pending habeas review. Therefore, the instant motion is considered and denied.

---

[1] Even if this Court were to apply the applicable requirements for release pending appeal under 18 U.S.C. § 3143(b), it would find that Petitioner should not be released.

Accordingly,

**IT IS HEREBY ORDERED** Petitioner Sacorey Clark's Amended Motion for Release and/or Conditional Release under 18 U.S.C. § 3141 (Doc. 3) is **DENIED**.

Dated this 18th day of February, 2021.

                                              JOHN A. ROSS
                                              UNITED STATES DISTRICT JUDGE