**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SACOREY CLARK, | ) |
| Petitioner, | ) |
| v. | ) No. 4:21-CV-00127-JAR |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Sacorey Clark's Motion for Leave to Amend 28 U.S.C. § 2255 Motion, Obtain Discovery, and for an Evidentiary Hearing. (Doc. 22). Respondent has filed a response. (Doc. 23). For the reasons discussed below, the motion will be granted in part.

**I.      BACKGROUND**

A jury convicted Petitioner of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On May 9, 2018, this Court sentenced Petitioner to 180 months' imprisonment after determining that Petitioner qualified as an Armed Career Criminal, a finding which the Eighth Circuit affirmed. *United States v. Clark*, 934 F.3d 843 (8th Cir. 2019) (per curiam). On February 2, 2021, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. (Doc. 1). Respondent filed a response on March 29, 2021 (Doc. 13), and Petitioner has not filed any reply. Petitioner now moves to amend his § 2255 motion and also seeks discovery and an evidentiary hearing. (Doc. 22).

## II.    ANALYSIS

Motion for Leave to Amend 28 U.S.C. § 2255 Motion

Petitioner seeks leave to amend his § 2255 motion "pending the outcome" of *Greer v. United States*, 141 S. Ct. 2090 (2021) and in light of *United States v. Holloway*, 960 F.2d 1348 (8th Cir. 1992). (Doc. 22 at 1). As Respondent discusses, and contrary to Petitioner's characterization, *Greer* has already been decided and merely holds that a "*Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Greer*, 141 S. Ct. at 2100. It appears that *Greer* is of limited relevance to Petitioner's claims. As to *Holloway*, the Court notes (as recognized by Respondent) that the case was decided 29 years ago, and Petitioner offers no explanation for failing to include the claim in his initial motion.

This Court applies Fed. R. Civ. P. 15 in assessing whether to grant leave to amend. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005) (federal courts can grant leave to amend habeas corpus motions pursuant to Fed. R. Civ. P. 15); *see also* 28 U.S.C. § 2242 (Application for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."); Rules Governing Section 2254 Cases and Section 2255 Proceedings, Rule 12 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provision or these rules, may be applied to a proceeding under these rules."). Fed. R. Civ. P. 15(a)(2) provides that courts "should freely give leave when justice so requires." Petitioner has appropriately attached his proposed amended § 2255 motion. (Doc. 22-1 at 1-54). In its discretion and considering Petitioner's pro se status, this Court will grant Petitioner leave to file his amended motion. Respondent will be granted 45 days to file any response, and Petitioner will be granted 45

days to reply to any response. The Court reminds Petitioner that his amended motion <u>completely replaces his original motion</u>, and any arguments raised in the original motion are no longer relevant to this case.

### Motion for Discovery

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Newton v. Kemna*, 354 F.3d 776, 783 (8th Cir. 2004) (quoting *Bracy v. Gramley*, 520 U.S. 899, 994 (1997)). According to Rule 6(a) of the Rules Governing § 2254 Cases and § 2255 Proceedings, a judge "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6(b) provides that a party requesting discovery "must provide the reasons for the request" and such request "must also include any proposed interrogatories, and requests for admission, and must specify any requested documents."

Petitioner requests certified copies of various documents, including the ATF 4473 Form, Grand Jury recordings, and publicly available materials such as the Supreme Court's denial of his petition for certiorari. (Doc. 22 at 5). For the persuasive reasons discussed in the Respondent's response, this Court finds that good cause for discovery does not exist. In *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019), the Supreme Court held that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the government must prove that the defendant "knew he belonged to the relevant category of persons barred from possession a firearm." Petitioner's request for discovery relies almost entirely on a theory regarding whether the Grand Jury had access to the ATF 4473 Form, which asks a purchaser whether any disqualifying factors – including the existence of a prior felony – apply at the time of a gun purchase. But an ATF 4473 Form is hardly the only way that the government can prove *mens rea* as to a defendant's felony status, and Petitioner's claim

that the form "is precisely what had to be presented to the Grand Jury" is simply incorrect. (Doc. 22 at 6).

Finally, the Court notes that Petitioner's conviction preceded *Rehaif*. Though the Eighth Circuit has not addressed the issue, "most district courts in this circuit have concluded that *Rehaif* did not announce a new constitutional rule that can be applied retroactively on collateral review." *Pryor v. United States*, No. 4:20-CV-1454 RWS, 2021 WL 1721173, at *2 (E.D. Mo. Apr. 30, 2021), *appeal filed* Case No. 21-2217 (8th Cir. June 2, 2021).

In considering discovery requests in habeas cases, the Supreme Court has advised lower courts to identify the "essential elements" of the petitioner's substantive claim and evaluate whether "specific allegations . . . show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Bracy*, 520 U.S. at 904, 908-09; *see also Kemna*, 354 F.3d 776, 783 (8th Cir. 2004). Petitioner's argument appears to be that the Grand Jury could not have found probable cause because it did not have access to the ATF 4473 Form. (Doc. 22-1 at 13-17). For the reasons discussed above, particularly that the *mens rea* requirement of § 922(g) can be proven in multiple manners and not just through the ATF 4473 Form, Petitioner will not be able to demonstrate that he is entitled to relief even if this fact is more fully developed. Therefore, the request for discovery will be denied.

Motion for Evidentiary Hearing

Petitioner requests an evidentiary hearing before he is required to file a reply. Pursuant to 28 U.S.C. § 2255(b), an evidentiary hearing must be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." An evidentiary hearing is unnecessary, however, where "the claim is inadequate on its face or if the record

affirmatively refutes the factual assertions upon which it is based." *Franco v. United States*, 762 F.3d 761, 763 (8th Cir. 2014) (citation omitted).

This Court is granting Petitioner leave to file his amended motion, which will require full briefing. The Court also notes that Petitioner's claims primary involve questions of law which do not require further factual development. In its response to Petitioner's initial motion, Respondent contended that Petitioner's claims are untimely and should be dismissed, a threshold question of law which will need to be resolved before addressing Petitioner's substantive claims. (Doc. 13 at 5-9). Under these circumstances, the Court will deny the request for an evidentiary hearing without prejudice. After full briefing of the amended motion, the Court will consider whether an evidentiary hearing is warranted.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Sacorey Clark's Motion for Leave to Amend 28 U.S.C. § 2255 Motion, Obtain Discovery, and for an Evidentiary Hearing (Doc. 22) is **GRANTED in part** and **DENIED in part** as follows:

- Petitioner's Motion for Leave to Amend 28 U.S.C. § 2255 Motion is **GRANTED**. The Clerk of Court shall docket Document 22-1 at 1-54 as Petitioner's Amended Motion (with the additional pages attached as an exhibit). Respondent shall file a response to the Amended Motion no later than **forty-five (45) days** from the date of this Order, and Petitioner shall file any reply no later than **forty-five (45) days** thereafter.

- Petitioner's Motion to Obtain Discovery is **DENIED**.

- Petitioner's Motion for an Evidentiary Hearing is **DENIED without prejudice**.

Dated this 16th day of August, 2021.

                                                 */s/ John A. Ross*
                                                 JOHN A. ROSS
                                                 UNITED STATES DISTRICT JUDGE