## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

SACOREY CLARK,                  )
                                )
            Petitioner,         )
                                )
      v.                        )        Case No. 4:21-CV-00127-JAR
                                )
UNITED STATES OF AMERICA,       )
                                )
            Respondent.         )

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Sacorey Clark's Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 25). Respondent United States of America has responded (Doc. 28), and Petitioner has replied. (Doc. 31). For the reasons discussed below, the motion will be denied.

## I.        BACKGROUND

On May 3, 2017, a jury convicted Petitioner Sacorey Clark of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On May 9, 2018, this Court sentenced Petitioner to 180 months' imprisonment after determining that Petitioner qualified for enhanced sentencing under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), a finding which the Eighth Circuit affirmed. *United States v. Clark*, 934 F.3d 843 (8th Cir. 2019) (per curiam). On February 2, 2021, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. (Doc. 1). This Court later granted Petitioner leave to file an amended motion (Docs. 24, 25).

1

The Court will construe Petitioner's filings liberally given his pro se status. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Petitioner brings the following grounds for relief[1]:

> Grounds One, Three, and Four (*Rehaif* Claims): In Grounds One, Three, and Four, Petitioner makes multiple arguments concerning application of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

> Grounds Two and Five (ACCA Claims): In Grounds Two and Five, Petitioner contends that he does not qualify as an Armed Career Criminal under the ACCA and accordingly should not have received an enhanced sentence.

> Grounds Six, Seven, and Eight (Ineffective Assistance of Appellate Counsel): In Grounds Six, Seven, and Eight, Petitioner contends that appointed counsel for his direct appeal rendered ineffective assistance by failing to make multiple "dead-bang winner" arguments.

## II.   LEGAL STANDARDS

28 U.S.C. § 2255

A § 2255 petitioner is entitled to relief when his or her sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255; *see also Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011). Federal habeas relief is limited to rectifying "jurisdictional errors, constitutional errors, and errors of law." *Raymond v. United States*, 933 F.3d 988, 991 (8th Cir. 2019). Errors of law, moreover, only constitute grounds for relief under § 2255 when such error "constitute[s] a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (internal quotation omitted). Petitioner bears the burden to prove he is entitled to relief. *Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019).

---

[1] Petitioner's grounds for relief are not carefully separated, and various paragraphs appear copied from one section to another. This Court has used its best efforts to liberally construe the amended motion and appropriately categorize Petitioner's arguments.

An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "Accordingly, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994).

<u>Ineffective Assistance of Counsel</u>

In multiple grounds for relief, Petitioner alleges that his appellate counsel rendered ineffective assistance in violation of the Sixth Amendment to the United States Constitution. A criminal defendant is constitutionally entitled to effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To prove ineffective assistance, Petitioner must show that counsel's performance was objectively unreasonable and that Petitioner was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). It is Petitioner's "burden to overcome the strong presumption that counsel's actions constituted objectively reasonable strategy under the circumstances." *Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005) (citation omitted). The deficient performance standard is rigorous, and "[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal." *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Accordingly, absent contrary evidence, courts "assume that appellate counsel's failure to raise a claim was an exercise of sound appellate strategy." *United States v. Brown*, 528 F.3d 1030, 1033 (8th Cir. 2008) (citation omitted).

To show prejudice, Petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "It is not sufficient for a defendant to show that the error had some 'conceivable effect' on the result of the proceeding because not every error that influences a proceeding undermines the

3

reliability of the outcome of the proceeding." *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir. 2004) (quoting *Strickland*, 466 U.S. at 693).

## III.    TIMELINESS

Respondent contends that Petitioner's claims are stale under 28 U.S.C. § 2255(f), which establishes a one-year statute of limitations for federal habeas motions. The period begins tolling on the latest of four dates. (Doc. 28 at 8). The applicable date to Petitioner is "the date on which the judgement of conviction [became] final." 28 U.S.C. § 2255(f)(1). For defendants who file a petition for writ of certiorari with the United States Supreme Court, § 2255 finality attaches when the Supreme Court either affirms the conviction on the merits or denies the petition. *Clay v. United States*, 537 U.S. 522, 527 (2003). For defendants who do not file a petition for writ of certiorari, § 2255 finality attaches when the deadline for such filing expires. *Id.* Supreme Court Rule 13.1 allows 90 days from entry of judgement in the court of appeals to file for writ of certiorari. Accordingly, when combined with the one-year period under § 2255(f), a defendant who does not seek Supreme Court review normally has one year and 90 days from the judgement of the appellate court to file a § 2255 motion. *Reed v. United States*, No. 1:20-CV-21 SNLJ, 2020 WL 2043829, at *1 (E.D. Mo. Apr. 28, 2020).

Respondent argues that Petitioner did not timely file a petition for writ of certiorari and therefore is subject to this one year and ninety-day window, running from the date the Eighth Circuit affirmed this Court's judgement. The following is the relevant timeline:

- August 19, 2019 – Eight Circuit affirms the judgement of this Court. *United States v. Clark*, No. 4:16-CR-00107 (E.D. Mo.) (hereinafter "*Clark Criminal Case*"), Doc. 247.

- October 30, 2019 – Eighth Circuit grants Petitioner's Motion for Extension of Time to File a Petition for Rehearing, extending his deadline to December 2, 2019. *Clark Criminal Case*, Doc. 248.

- November 26, 2019 – Petitioner certifies and mails Petition for Rehearing / Rehearing En Banc. *United States v. Clark*, No. 18-2119 (8th Cir.).

- January 7, 2020 – Eight Circuit denies Petition for Rehearing / Rehearing En Banc. *Clark Criminal Case*, Doc. 250.

- April 6, 2020 – Petitioner files Petition for Writ of Certiorari with the Supreme Court, which is placed on the docket on May 22, 2020 as No. 19-8530.

- June 22, 2020 – Supreme Court denies Petition for Writ of Certiorari. *Clark v. United States*, 141 S. Ct. 148 (2020).

- February 2, 2021 – Petitioner files Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. (Doc. 1).

Respondent asserts that § 2255 finality attached 90 days after the Eight Circuit affirmed this Court's sentence on August 19, 2019. Under this timeline, Petitioner had until approximately November 17, 2020 to file his § 2255 motion. (Doc. 28 at 8-9). Respondent further claims that the Supreme Court's denial of certiorari is not the correct date from which to calculate § 2255 finality because Petitioner tardily sought certiorari on April 6, 2020— 140 days after the Rule 13.1 cut-off period expired. (Doc. 28 at 9 n.4). Respondent makes the inference that the Supreme Court's summary denial of certiorari was due to untimeliness and thus should not "affect finality for purposes of Section 2255(f)(1)'s one-year limitations period." *Id.* (quoting *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016)).

On October 30, 2019, however, the Eighth Circuit granted Petitioner an extension of time to file a Petition for Rehearing. *Clark Criminal Case*, Doc. 248. Petitioner timely certified and mailed such petition on November 26, 2019.[2] *United States v. Clark*, No: 18-2119 EMSL (8th

---

[2] Federal Rule of Appellate Procedure 25 provides that a paper required to be filed in a court of appeals is timely filed by an inmate if the paper is deposited in the prison's internal mail system on or before the filing deadline and is accompanied by a declaration and first-class prepaid postage. *See* Fed. R. App. P. 25(a)(2)(A)(iii).  Because Petitioner certified the petition and appropriately deposited it in the prison mail system with pre-paid postage prior to December 2, 2019, he appears to have timely filed.

Cir.).  The Eight Circuit subsequently denied the Petition for Rehearing on January 7, 2020. *Clark Criminal Case*, Doc. 250.

Per the committee notes to Federal Rules of Appellate Procedure 35 and 41, the 1998 amendments to those rules were intended to stay the judgement of the appellate court upon a request for rehearing, specifically for purposes of extending the certiorari filing period. Fed. R. App. P. 35 Committee Notes on Rules—1998 Amendment; Fed. R. App. P. 41 Committee Notes on Rules—1998 Amendment (emphasis added) ("The Committee's objective is to treat a request for a rehearing en banc like a petition for panel rehearing so that a request for a rehearing en banc *will suspend the finality* of the court of appeals' judgement and *delay the running of the period for filing a petition for writ of certiorari*."). Supreme Court Rule 13.3 also states that where the lower court "appropriately entertains an untimely petition for rehearing," the ninety-day period to file for writ of certiorari runs from the date of such denial.

Accordingly, it appears to the Court that the ninety-day Rule 13 window began running on January 7, 2020 when the Eighth Circuit denied Petitioner's request for rehearing. Under this timeline, Petitioner's April 6, 2020 petition for writ of certiorari was timely filed. Therefore, the one-year statute of limitation under § 2255(f) did not begin running until June 22, 2020 when the Supreme Court denied certiorari review.[3] Because Petitioner filed the Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 on February 2, 2021 (Doc. 1), his claims were not stale and will be considered on the merits.

---

[3] Respondent notes that the Supreme Court frequently denies untimely habeas petitions without elaboration. Given the extenuating circumstances courts faced in June of 2020, and because the ninety-day period to file for certiorari runs from the denial of a petition for rehearing, it is not clear to this Court that the Supreme Court denied Petitioner's request for certiorari due to untimeliness. Miscellaneous Supreme Court Order 589 was issued in response to the COVID-19 pandemic and extended the deadline for petitions for a writ of certiorari due on or after March 19, 2020 from 90 to 150 days. This effectively extended Petitioner's filing deadline for another 60 days from April 6, 2020. Because Petitioner appears to have timely filed his petition for writ of certiorari on April 6, 2020, Miscellaneous Supreme Court Order 589 is not relevant to this Court's analysis.

## IV.    ANALYSIS

<u>Grounds One, Three, and Four</u> (*Rehaif* Claims)

Petitioner's first, third, and fourth grounds for relief concern the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The *Rehaif* Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200; *see also United States v. Jawher*, 950 F.3d 576 (8th Cir. 2020). Petitioner primarily argues that because the prosecution did not present an ATF Form 4473 to the Grand Jury, it could not have established the probable cause necessary to indict Petitioner for being a felon in possession of a firearm in light of *Rehaif*. Petitioner contends that *Rehaif* accordingly demonstrates his "actual innocence" essentially on the grounds that the prosecution did not prove Petitioner's knowledge of his felon status.

There are numerous problems with Petitioner's *Rehaif* claims. First, Petitioner was convicted on May 3, 2017, and the Supreme Court did not decide *Rehaif* until June 21, 2019. Neither the Supreme Court nor the Eighth Circuit has specifically addressed whether *Rehaif* applies retroactively on collateral review. Various circuit courts and most courts in this district, however, have concluded that *Rehaif* "did not announce a new constitutional rule that can be applied retroactively on collateral review." *Pryor v. United States*, No. 4:20-CV-1454 RWS, 2021 WL 1721173, at *2 (E.D. Mo. Apr. 30, 2021), *appeal filed* No. 21-2217. *But see Beck v. United States*, No. 1:20-CV-67 SNLJ, 2020 WL 5942578, at *14 (E.D. Mo. Oct. 7, 2020) (finding *Rehaif* applies retroactively because it narrows the class of persons punishable under § 922(g) and § 924(a)).

Regardless of *Rehaif*'s retroactive effect, Petitioner has procedurally defaulted the claim by failing to raise it in his direct appeal. As a general rule, claims not raised at trial or on direct

7

appeal "may not be raised on collateral review." *Massaro v. United States*, 538 U.S. 500, 504 (2003). A federal habeas petitioner can overcome such a procedural default by demonstrating "either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998); *see also Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Ineffective assistance of appellate counsel may constitute cause to excuse a procedural default. *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005) (citation omitted). But Petitioner cannot establish any prejudice because he presents no plausible claim for relief under *Rehaif*. Prior to the conviction at issue here, Petitioner had been sentenced to 15 years in prison pursuant to a conviction for second-degree robbery. *Clark Criminal Case*, Doc. 212 at ¶ 27. It appears that Petitioner completed a substantial portion of that sentence. Any notion that Petitioner "was somehow unaware of his status as a convicted felon is patently implausible." *Mackins v. United States*, No. 1:20-CV-108 SNLJ, 2021 WL 409965, at *3 (E.D. Mo. Feb. 5, 2021); *see United States v. Caudle*, 968 F.3d 916, 922 (8th Cir. 2020) (quoting *United States v. Williams*, 946 F.3d 968, 974 (7th Cir. 2020)) (The "lack of a plausible ignorance defense means that any § 922(g) defendant who served more than a year in prison on a single count of conviction will face an uphill battle to show that a *Rehaif* error in a guilty plea affected his substantial rights.").

Rather than relying on cause and prejudice to excuse his procedural default, Petitioner appears to argue that he is actually innocent of the alleged crimes. As Respondent notes, it is unclear if Petitioner is pursuing his "actual innocence" argument as a "gateway" claim to overcome a procedural default or as a "freestanding" claim. *See Nash v. Russell*, 807 F.3d 892, 898-99 (8th Cir. 2015). A gateway claim is a means by which a prisoner can obtain federal habeas review of a procedurally defaulted claim. To establish a gateway claim of actual innocence, a petitioner must (1) make allegations of constitutional error supported by new, reliable evidence not available at trial and (2) show "it is more likely than not that no reasonable juror would have convicted him in

light of the new evidence." *Id.* (citations omitted). For the same reasons discussed above, Petitioner simply cannot demonstrate any likelihood of avoiding conviction in light of *Rehaif* because he had previously spent well over one year in prison on a single count. *See Greer v. United States*, 141 S. Ct. 2090, 2095 (2021) ("[I]ndividuals who are convicted felons ordinarily know that they are convicted felons."). Despite his voluminous filings, it appears to this Court that Petitioner still has not claimed that he did not know he had been convicted of a felony punishable by over one year in prison at the time of the underlying offense in this case. *See Maxie v. Warden*, No. 6:19-CV-300-JMH, 2020 WL 86207, at *3 (E.D. Ky. Jan. 7, 2020) (Petitioner "has not argued that he was unaware that he stood convicted of a prior felony punishable by imprisonment for a term exceeding one year.").

Petitioner primarily contends that the Grand Jury could not have had probable cause to indict under *Rehaif* because the prosecution did not present it with the ATF Form 4473. (Doc. 25 at 13-17). This form asks for identifying information from gun purchasers, including whether they are a prior felon. *See generally Abramski v. United States*, 573 U.S. 169, 173 (2014). As this Court has previously explained, "an ATF 4473 Form is hardly the only way that the government can prove *mens rea* as to a defendant's felony status, and Petitioner's claim that the form 'is precisely what had to be presented to the Grand Jury' is simply incorrect." (Doc. 24 at 3-4). Petitioner offers no precedent suggesting that failure to provide a Grand Jury with the applicable ATF 4473 Form constitutes reversible error under *Rehaif*. Petitioner's prior convictions offered ample basis for the Grand Jury to indict.

Petitioner was convicted before the Supreme Court's decision in *Rehaif*, and he is certainly correct that the jury instructions read at his trial do not include the "knowing" requirement as to his having been convicted of a crime punishable by imprisonment for more than one year. *Clark Criminal Case*, Doc. 166 at 16. But the Supreme Court's decision in *Rehaif* does not automatically

entitle Petitioner to habeas relief in these circumstances, particularly where Petitioner had served substantial prison time on a prior felony conviction. *See United States v. Door*, 996 F.3d 606, 618 (9th Cir. 2021) ("When Door possessed the firearms . . . he had multiple felony convictions for which he was sentenced to prison terms ranging from 14 months to 10 years. Having served more than a year in prison, Door cannot . . . argue that a jury would find that he was unaware of his status as a person previously convicted of an offense punishable by more than a year in prison."); *compare Rehaif*, 139 S. Ct. at 2198 (discussing hypothetical felon convicted of crime punishable by more than one year imprisonment but only sentenced to probation). Petitioner has procedurally defaulted his *Rehaif* claim and failed to show that he suffered prejudice from any *Rehaif* error in the jury instructions read at his trial.

The Court will also address two arguments found within Petitioner's broader *Rehaif* claim. First, Petitioner alleges in Ground Three that the Court punished him for exercising his right to trial. (Doc. 25 at 23). During sentencing, Petitioner alleged that the Court planned to punish him for "executing [sic] my right to trial" and for an "adjustment for obstruction of justice," with the Court responding: "I'm not going to apply that enhancement. I think it is supported by the evidence, but I'm not going to apply that enhancement." *Clark Criminal Case*, Doc. 242 at 42. The Court sentenced Petitioner to 180 months in prison, noting that "this is the mandatory minimum as an armed career criminal" and a "substantial downward variance from the guideline calculations." *Id.* at 65; *see also Clark*, 934 F.3d at 844 ("The district court varied below the guideline range and sentenced Clark to the ACCA statutory minimum of 180 months' imprisonment."). In these circumstances, Petitioner has offered no plausible argument that the Court punished him for exercising his right to trial where he received the mandatory minimum punishment and a substantial downward variance.

10

Finally, Petitioner appears to contend in Ground Four that the Supreme Court's recent decision in *Greer v. United States*, 141 S. Ct. 2090 (2021), offers some support for his claims. (Doc. 25 at 32). As this Court has previously explained (Doc. 24 at 2), however, *Greer* merely holds that a "*Rehaif* error is not a basis for plain-error review unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Greer*, 141 S. Ct. at 2100. If anything, the *Greer* Court's recognition that "[c]onvicted felons typically know they're convicted felons" squarely contradicts Petitioner's claims. *Id.* at 2098 (citation omitted). Simply put, *Greer* is not applicable to Petitioner's claims and if anything supports Respondent's argument that Petitioner has no plausible claim for relief under *Rehaif*.

Grounds Two and Five (ACCA Claims)

In Grounds Two and Five, Petitioner contends that he does not qualify as an Armed Career Criminal under the ACCA and accordingly should not have received an enhanced sentence. At sentencing, this Court concluded that Petitioner was convicted of violent felonies on three different occasions – "robbery first degree, robbery second degree, and an assault second degree; and therefore, [Petitioner] is an armed career criminal under the sentencing guidelines." *Clark Criminal Case*, Doc. 242 at 53. In his direct appeal, Petitioner argued that his 2001 conviction for second-degree robbery under MO. REV. STAT. § 569.030.1 does not qualify as a violent felony under the "force" clause of the ACCA. The Eighth Circuit specifically found that such offense does qualify under the ACCA in *United States v. Swopes*, 886 F.3d 668, 671 (8th Cir. 2018) (en banc). On Petitioner's appeal, the Eighth Circuit affirmed the sentence, again holding that "Missouri second-degree robbery – as the statute existed at the time of [Petitioner's] conviction – satisfies the force clause of the ACCA." *Clark*, 934 F.3d at 845.

11

Petitioner now argues in Ground Two that his prior conviction for second-degree assault under MO. REV. STAT. § 565.060.1(3), which criminalizes recklessly causing serious physical injury to another person, does not qualify as a violent felony under the ACCA because it has a *mens rea* of recklessness. (Doc. 25 at 18-22).[4] The Supreme Court has since specifically held that crimes with a *mens rea* of recklessness do not qualify as violent felonies under the ACCA. *Borden v. United States*, 141 S. Ct. 1817 (2021). The Eighth Circuit had already determined, moreover, that a conviction under MO. REV. STAT. § 565.060.1(3) does not qualify as a crime of violence under the Sentencing Guidelines. *United States v. Fields*, 863 F.3d 1012 (8th Cir. 2017).

But there are two key problems with Petitioner's argument. First, Petitioner procedurally defaulted the claim by failing to raise it in his direct appeal. The Eighth Circuit specifically stated that Petitioner argued "only that his 2001 conviction for second-degree robbery" did not categorically qualify as a violent felony under the ACCA. *Clark*, 934 F.3d at 844. As Respondent notes, the precedent cited by Petitioner in support of his present claims was readily available at the time of Petitioner's appeal. Petitioner fails to offer any support for his assertion that the "miscarriage of justice" and "actual innocence" exceptions cure this procedural default. (Doc. 25 at 17). *See Murray v. Carrier*, 477 U.S. 478 (1986).

Second, and more importantly, this Court did not rely on a conviction under MO. REV. STAT. § 565.060.1(3) when finding that Petitioner qualified as an armed career criminal under the ACCA. Instead, as supported by evidence submitted by Respondent (Doc. 28-1 at 5), Petitioner's conviction was for attempting to cause or knowingly causing physical injury to another person by means of a deadly weapon or dangerous instrument in violation of MO. REV. STAT. § 565.060.1(2). The underlying facts supporting the second-degree assault conviction indicate that Petitioner and

---

[4] Petitioner also briefly suggests that his conviction for first-degree robbery does not qualify as a violent crime. (Doc. 25 at 35). The Eighth Circuit has clearly held that convictions under the Missouri statute for first-degree robbery qualify as violent felonies under the ACCA. *See United States v. Witherspoon*, 974 F.3d 876, 880 (8th Cir. 2020).

another person "attempted to cause physical injury to Deputy J.A. by means of a dangerous instrument," specifically by "ramm[ing] their vehicle into the driver's side of the vehicle driven by a deputy marshal." *Clark Criminal Case*, Doc. 212 at ¶ 28. This description from the Final Presentence Investigation Report is consistent with Exhibit 7, which was admitted into evidence and read at trial and provides that Petitioner "attempted to cause physical injury to Deputy Marshal John Andrews by means of a dangerous instrument." *Clark Criminal Case*, Doc. 240 at 115. Though the conviction record only generally references MO. REV. STAT. § 565.060, the particular language used clearly tracks MO. REV. STAT. § 565.060.1(2).

The Eighth Circuit has recognized, or at least accepted the assumption, that the six subsections for second-degree assault within MO. REV. STAT. § 565.060.1 "set forth separate offenses rather than means of committing a single offense." *United States v. Ramey*, 880 F.3d 447, 448 (8th Cir. 2018); *see also In re J.L.T.*, 441 S.W.3d 183, 188 (Mo. Ct. App. 2014) (recognizing that subsections (2) and (3) define "separate and distinct offense[s]"). While Petitioner repeatedly cites *Mathis v. United States*, 136 S. Ct. 2243 (2016), in support of his position, the Eighth Circuit has found that *Mathis* actually "confirms [its] analysis" that MO. REV. STAT. § 565.060.1 is "divisible because it defines multiple offenses." *United States v. Welch*, 879 F.3d 324, 326 (8th Cir. 2018) (per curiam). The facts of this case closely track those of *United States v. Haddock*, 609 F. App'x 893 (8th Cir. 2015) (per curiam). In *Haddock*, the defendant's charging document did not identify a specific subsection of MO. REV. STAT. § 565.060.1, but the Eighth Circuit concluded that the district court properly determined that the defendant had necessarily pled guilty to a violation of MO. REV. STAT. § 565.060.1(2) based on the elements of the crime and the defendant's conduct. *Id.* at 894 ("The other state court documents before the district court also supported a finding that only subsection two could apply."). Petitioner's argument that any second-degree

13

assault offense under MO. REV. STAT. § 565.060.1 necessarily encompasses MO. REV. STAT. § 565.060.1(3), which has a *mens rea* of recklessness, is contrary to clear Eighth Circuit precedent.

The Eighth Circuit has consistently held that convictions under the subdivision of the statute Petitioner violated, MO. REV. STAT. § 565.060.1(2), qualify as violent felonies under the ACCA (or crimes of violence under the Sentencing Guidelines). *See United States v. Alexander*, 809 F.3d 1029 (8th Cir. 2016); *see also United States v. Darden*, 915 F.3d 579 (8th Cir. 2019). In *Welch*, 879 F.3d at 327, the Eighth Circuit specifically recognized that second-degree assault under MO. REV. STAT. § 565.060.1(2) qualifies as a crime of violence.[5] Therefore, the Supreme Court's decision in *Borden* does not affect this Court's determination that Petitioner's second-degree assault conviction qualifies as a violent felony under the ACCA.

In his fifth ground for relief, Petitioner contends that the Eighth Circuit's decision in *Holloway v. United States*, 960 F.2d 1348 (8th Cir. 1992), supports his claim that he should not have been sentenced as an armed career criminal under the ACCA. Petitioner claims this Court violated Fed. R. Crim. P. 32(b)(1), which states that courts "must impose sentence without unnecessary delay."[6] Petitioner appears to argue that a delay in sentencing caused Petitioner to qualify as an armed career criminal because of a change in Eighth Circuit precedent between trial and sentencing. (Doc. 25 at 33-35). Specifically, Petitioner argues that this Court would have been

---

[5] The Eighth Circuit has consistently recognized that because a "crime of violence" under the Sentencing Guidelines and "violent felony" under the ACCA have "nearly identical definitions," they are treated as "interchangeable." *United States v. Hall*, 877 F.3d 800, 806 (8th Cir. 2017) (citation omitted).

[6] Petitioner also alleges that he did not have an adequate opportunity to object to the Final Presentence Investigation Report. (Doc. 25 at 27-28). At the sentencing hearing, this Court took great effort to ensure that Petitioner had enough time to review the report. Specifically, the Court determined that the United States Probation Office sent Petitioner a copy of the report, which was among Petitioner's documents during the sentencing, but Petitioner apparently declined to open the envelope. *Clark Criminal Case*, Doc. 242 at 37-40 ("[T]he Court finds, [the presentence report] was mailed to you at the Marion County Jail where it was confirmed you were housed. It would appear to the Court that you have received that presentence report. You may not have opened it. That was your choice."). The Court also provided Petitioner an opportunity to review the report during an extended recess and make objections on the record. *Id.* at 32, 40-46.

bound by *United States v. Bell*, 840 F.3d 963 (8th Cir. 2016), but because of the delay became bound by *United States v. Swopes*, 886 F.3d 668, 671 (8th Cir. 2018) (en banc) (overruling *Bell*).

In *Holloway*, the Eighth Circuit recognized that a "violation of Rule 32 is sufficient to support a claim under section 2255 only if the violation constitutes a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." *Holloway*, 960 F.2d at 1351 n.9. The facts of *Holloway* are otherwise completely irrelevant to Petitioner's claims. For the same reasons stated above, the Court finds that Petitioner has procedurally defaulted these claims by failing to bring them on his direct appeal.

The Court also finds that Petitioner's argument is meritless. A jury convicted Petitioner on May 3, 2017, and he was sentenced by this Court approximately one year later, on May 9, 2018. On October 2, 2017, the Court granted the Government's Motion to Stay the Sentencing Hearing pending a decision by the Eighth Circuit in *Swopes*, which was relevant to the critical issue of whether Petitioner's second-degree robbery offense qualified as a violent felony under the ACCA. *Clark Criminal Case*, Doc. 207. The Court provided Petitioner an opportunity to object to the Government's motion to stay the sentencing, but Petitioner did not file any objection. *Clark Criminal Case*, Docs. 202, 207. A sentencing date was promptly set following the *Swopes* decision (*Clark Criminal Case*, Doc. 210) and briefly continued to permit objections to the Revised Final Presentence Investigation Report. *Clark Criminal Case*, Doc. 215.

Fed. R. Crim. P. 32(b)(1) states that the court "must impose sentencing without unnecessary delay," but Fed. R. Crim. P. 32(b)(2) further provides that the court "may, for good cause, change any time limits prescribed in this rule." The Supreme Court has held that the Speedy Trial Clause of the Sixth Amendment does not apply to delayed sentencing, but Fed. R. Crim. P. 32(b)(1) may instead implicate the Due Process Clause. *Betterman v. Montana*, 578 U.S. 437

15

(2016). "The history of Rule 32 demonstrates that the Rules set forth no rigid timeline for sentencing. Rather, the decision of when to impose sentence is in the sound discretion of the trial court." *United States v. Flowers*, 983 F. Supp. 159, 170 (E.D.N.Y. 1997). Ultimately, Petitioner had a constitutional right to a "sentencing proceeding that is fundamentally fair." *Betterman*, 578 U.S. at 1617. The Eighth Circuit appears to have interpreted *Betterman* narrowly, describing the Supreme Court as having held "that the Due Process Clause *might* provide for 'tailored relief' from 'exorbitant' sentencing delays, not that it necessarily does." *Deck v. Jennings*, 978 F.3d 578, 583 (8th Cir. 2020) (quoting *id.* at 1612, 1617), *petition for cert. filed* No. 20-833.

Given the importance of the *Swopes* decision to Petitioner's sentence and the lack of any objection from Petitioner, the Court finds that the continuance of Petitioner's sentencing was reasonable and fundamentally fair. In *United States v. Reed*, 778 F. App'x 654, 662 (11th Cir. 2019), the Eleventh Circuit held that the lower court "possessed broad discretion to manage its docket, and [defendant] has not cited to any law indicating that the court's failure to await the outcome of potentially informative cases . . . amounted to an abuse of that discretion." Similarly, this Court holds that delaying sentencing by approximately six months to incorporate a directly on-point decision by the court of appeals is appropriate, particularly where the defendant has been provided an opportunity to object to the stay.[7] Therefore, Petitioner's fifth ground for relief fails as a matter of law.

---

[7] Justice Sotomayor's concurrence in *Betterman* proposes utilizing the factors identified by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514 (1972), to evaluate the constitutionality of a delay in sentencing. The Third Circuit has adopted this rule. *See United States v. James*, 712 F. App'x 154, 162 (3d Cir. 2017). The *Barker* factors are (1) length of the delay, (2) reason for the delay, (3) defendant's assertion of his right, and (4) prejudice to the defendant. *Id.* at 162 (citation omitted). If this Court were to apply these factors, it would reach the same conclusion. The length of the delay was reasonable, the pending *Swopes* decision provided good grounds for the delay, and Petitioner failed to objection to the Government's motion to stay. In terms of prejudice, the Court notes that Petitioner utilized the extended period before his sentencing to file numerous motions, notices, and requests. *Clark Criminal Case*, Docs. 205, 208, 211, 214, 217-19.

16

<u>Grounds Six, Seven, and Eight</u> (Ineffective Assistance of Appellate Counsel)

In Grounds Six, Seven, and Eight, Petitioner alleges that his appellate counsel rendered ineffective assistance. Petitioner represented himself at trial but was appointed counsel to assist with his appeal. As discussed above, appellate counsel filed an appeal making the sole argument that Petitioner's 2001 conviction for second-degree robbery did not qualify as a violent felony under the ACCA. The Eighth Circuit affirmed this Court's sentence in accordance with its decision in *Swopes*. *See Clark*, 934 F.3d at 845.

In his sixth ground for relief, Petitioner contends that appellate counsel rendered ineffective assistance by failing to raise the "dead-bang winner" claim that the arresting police officers did not have reasonable suspicion to stop Petitioner. (Doc. 25 at 36-40). On February 1, 2016, multiple individuals called 9-1-1 to describe an assault in progress by a black male wearing a dark hoodie and blue jeans.[8] Officers Henderson and Brown of the St. Louis Metropolitan Police Department drove to the area of the reported assault and saw Petitioner, who matched this description. Officer Henderson "believed [Petitioner] to be the possible assailant because of his demeanor, coupled with the description and the position of his hands." *Clark Criminal Case*, Doc. 90 at 3-4. When the officers approached Petitioner, he had his hands in his pockets. Officer Henderson performed a pat down search of Petitioner's waistband and located a small handgun in Petitioner's right pants pocket. Officer Brown informed Petitioner of his *Miranda* rights. At the police station, Officer Brown witness Petitioner sign and write his initials on a statement acknowledging he understood his *Miranda* rights.

The Court continues to find that the "officers found a gun in the pocket of [Petitioner's] pants as part of the valid *Terry* pat-down search." *Id.* at 19. Officers responding to multiple reports

---

[8] All facts in this section are taken from the Report and Recommendation of Magistrate Judge Collins, which has been adopted in full by this Court. *Clark Criminal Case*, Docs. 90, 102.

of an ongoing assault located a suspect and conducted a protective frisk based on their reasonable suspicion of criminal activity. To prove ineffective assistance, Petitioner must show that counsel's performance was objectively unreasonable and that Petitioner was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Absent contrary evidence, courts "assume that appellate counsel's failure to raise a claim was an exercise of sound appellate strategy." *United States v. Brown*, 528 F.3d 1030, 1033 (8th Cir. 2008) (citation omitted). Petitioner's sixth ground for relief will be denied because it was neither objectively unreasonable nor prejudicial for appellate counsel to decline to raise Petitioner's meritless Fourth Amendment claim on appeal. *See Sittner v. Bowersox*, 969 F.3d 846, 853 (8th Cir. 2020) ("Failure to raise a meritless objection cannot support a claim of ineffective assistance.").

In his seventh ground for relief, Petitioner contends that appellate counsel rendered ineffective assistance by failing to argue on appeal that Petitioner's first-degree robbery and second-degree assault convictions did not qualify as violent felonies under the ACCA. (Doc. 25 at 41-49). In his eighth ground for relief, Petitioner claims that appellate counsel rendered ineffective assistance by failing to argue on appeal that, without access to the ATF Form 4473, the Grand Jury did not have probable cause to indict Petitioner in light of the Supreme Court's decision in *Rehaif*. (*Id.* at 50-53). Essentially, Petitioner argues in these grounds that appellate counsel rendered ineffective assistance by failing to make the arguments which Petitioner now raises in his first five grounds for relief.

As extensively discussed above, the Court has determined that the claims raised in Petitioner's first five grounds for relief are substantively meritless. Therefore, appellate counsel did not provide objectively unreasonable assistance by declining to raise these arguments on appeal and instead winnowing the claims and focusing on Petitioner's most promising argument. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983) ("Experienced advocates since time beyond memory

18

have emphasized the importance of winnowing out weaker arguments on appeal."); *Anderson v. United States*, 762 F.3d 787, 794 (8th Cir. 2014) ("Counsel is not ineffective for failing to pursue [an argument] that he reasonably believes would be futile."). With regards to Ground Eight specifically, appellate counsel could not have offered any argument based on *Rehaif*, which was decided after the Eighth Circuit heard Petitioner's appeal. Petitioner has not suffered any prejudice, moreover, because there is not a substantial likelihood that the result of his appeal would have been different if appellate counsel had raised these arguments. *See Becht v. United States*, 403 F.3d 541, 546 (8th Cir. 2005) (Petitioner must show that "the result of the proceeding would have been different."). Accordingly, Petitioner's seventh and eighth grounds do not entitle him to habeas relief.

## V.     EVIDENTIARY HEARING, DISCOVERY, AND CONDITIONAL RELEASE

Petitioner has requested an evidentiary hearing, extensive discovery, and immediate conditional release. (Docs. 29, 31). An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "Accordingly, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994). In these circumstances, no evidentiary hearing is required because the records of the case conclusively show that Petitioner's claims fail as a matter of law. An evidentiary hearing would not assist the Court in any way considering Petitioner's § 2255 motion does not present any issues requiring further factual development. Therefore, the request for an evidentiary hearing will be denied.

Petitioner seeks discovery of various materials, including the ATF 4473 Form, Grand Jury recording, and certain publicly availably documents. (Doc. 31). "A habeas petitioner, unlike the

usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Newton v. Kemna*, 354 F.3d 776, 783 (8th Cir. 2004) (quoting *Bracy v. Gramley*, 520 U.S. 899, 994 (1997)). According to Rule 6(a) of the Rules Governing § 2254 Cases and § 2255 Proceedings, a judge "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." This Court continues to find (Doc. 24) that good cause for discovery does not exist because the extensive record precludes Petitioner's claims as a matter of law.

Petitioner has also demanded an immediate settlement conference and conditional release essentially on the grounds that he expects his petition to inevitably succeed. (Doc. 29). This Court denied a previous motion by Petitioner for conditional release (Doc. 7), and that decision was summarily affirmed by the Eighth Circuit on interlocutory appeal. (Doc. 20). The instant motion for conditional release and a settlement conference will be denied because Petitioner's § 2255 petition fails as a matter of law.

## VI.    CONCLUSION

A jury convicted Petitioner of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). After determining that Petitioner qualified as an armed career criminal, this Court sentenced him to the mandatory minimum of 180 months' imprisonment, a substantial downward variance. The Eighth Circuit affirmed the sentence. Petitioner now argues in this § 2255 motion that (i) the Supreme Court's *Rehaif* decision warrants habeas relief; (ii) this Court incorrectly determined that Petitioner's prior convictions for first-degree robbery and second-degree assault qualify as violent felonies under the ACCA; and (iii) appellate counsel rendered ineffective assistance by failing to make these arguments on appeal.

20

Petitioner's claims fail for multiple reasons. First, Petitioner procedurally defaulted his *Rehaif* and ACCA claims by failing to raise them on direct appeal and has not cured this default by demonstrating cause and prejudice or actual innocence. Second, Petitioner's claims are substantively meritless. Petitioner offers no plausible claim that, having spent multiple years in prison, he was unaware that he stood convicted of a prior felony punishable by imprisonment for a term exceeding one year. As to his ACCA claims, the Eighth Circuit has consistently held that Petitioner's underlying convictions for first-degree robbery and second-degree assault qualify as violent felonies under the ACCA. Finally, Petitioner has not satisfied the requirements of *Strickland* by demonstrating that his appellate counsel offered objectively unreasonable assistance which resulted in prejudice. Under these circumstances, Petitioner is not entitled to habeas relief.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Sacorey Clark's Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 25) is **DENIED and DISMISSED.** A Judgment dismissing this case is filed herewith.

**IT IS FURTHER ORDERED** that Petitioner Sacorey Clark's Motion for an Evidentiary Hearing and Discovery (Doc. 31) and Motion for an Immediate Settlement Conference and Immediate Conditional Release (Doc. 29) are **DENIED**.

After due consideration, **IT IS FINALLY ORDERED** that because Petitioner Sacorey Clark cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

Dated this 15th day of December, 2021.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE