## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

SACOREY CLARK,          )
                                  )
          Petitioner,       )
                                  )
          v.               )        No. 4:21-CV-00127-JAR
                                  )
UNITED STATES OF AMERICA,  )
                                  )
          Respondent.    )

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Petitioner Sacorey Clark's Motion for Extension of Time to File Motion for Reconsideration, Fed. R. Civ. P. Rule 60 Motion, and/or Notice of Appeal. (Doc. 39). For the reasons discussed below, the motion will be granted in part.

On December 15, 2021, the Court denied Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Docs. 36, 37). Petitioner claims that he has not had access to the law library or his legal materials since December 2, 2021 and has not received copies of these Orders. (Doc. 39 at ¶ 1). Petitioner attached a letter from his Unit Manager at the Federal Bureau of Prisons indicating that Petitioner was recently placed in quarantine due to COVID-19 protocols. (Doc. 39-1). The Unit Manager requests that the Court "accept this letter as justification for [Petitioner's] delayed response." (*Id.* at 1).

The Federal Rules of Civil Procedure apply in § 2255 proceedings. *Jeffries v. United States*, 721 F.3d 1008, 1012-13 (8th Cir. 2013) (citations omitted); *see also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 12. Per Rule 11(b) of the Section 2255 Rules, Fed. R. App. P. 4(a) governs the time for filing appeals. Because the United States is party to § 2255 proceedings, Petitioner has 60 days from this Court's entry of judgment to file a Notice

of Appeal. Fed. R. App. P. 4(a)(1)(B); *see also Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011).

Petitioner's 60-day window for filing a Notice of Appeal has not yet expired. A substantial portion of this period has passed, however, and Petitioner has apparently not been able to obtain copies of the applicable Orders due to circumstances beyond Petitioner's control. Petitioner has timely and appropriately requested an extension. Accordingly, the Court finds that Petitioner has demonstrated excusable neglect and good cause to extend the deadline for appeal. Fed. R. App. P. 4(a)(5)(A). The Court will extend Petitioner's deadline by 30 days, which is the maximum extension permitted under the rules. Fed. R. App. P. 4(a)(5)(C).

Petitioner also requests an extension of time to file motions for relief under Fed. R. Civ. P. 59 and 60. Pursuant to Fed. R. Civ. P. 6(b)(2), however, this Court lacks authority to extend the deadlines imposed by Rules 59(e) and 60(b). *See Blackwell v. United States*, No. 4:99-CV-1687 CAS, 2009 WL 3698425, at *1 (E.D. Mo. Nov. 3, 2009) (holding Rule 59(e) deadline cannot be enlarged by district court in § 2255 context). The Court will therefore deny Petitioner's motion as to Rules 59 and 60.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Sacorey Clark's Motion for Extension of Time to File Motion for Reconsideration, Fed. R. Civ. P. Rule 60 Motion, and/or Notice of Appeal (Doc. 39) is **GRANTED in part**. Petitioner's deadline for filing a Notice of Appeal is **EXTENDED by thirty (30) days** pursuant to Fed. R. App. P. 4(a)(5)(A). Petitioner's request to extend the deadlines for seeking relief under Fed. R. Civ. P. 59 and 60 is **DENIED**.

Dated this 11th day of January, 2022.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE