UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SACOREY CLARK, | ) |
| Petitioner, | ) ) ) |
| v. | ) )    No. 4:21-CV-00127-JAR |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Sacorey Clark's Motion for Relief Under Rule 60(b), Further Relief Under 28 U.S.C. § 2255, and Certificate of Appealability. (Doc. 41). For the reasons discussed below, the motion will be denied.[1]

**I.    BACKGROUND**

On May 3, 2017, a jury convicted Petitioner Sacorey Clark of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On May 9, 2018, this Court sentenced Petitioner to 180 months' imprisonment after determining that Petitioner qualified for enhanced sentencing under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), a finding which the Eighth Circuit affirmed. *United States v. Clark*, 934 F.3d 843 (8th Cir. 2019) (per curiam). On February 2, 2021, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. (Doc. 1). This Court later granted Petitioner leave to file an amended motion. (Docs. 24, 25). On December 15, 2021, the Court denied Petitioner's amended motion under § 2255. (Docs. 36, 37). Petitioner now seeks relief from this Court's Order under Fed. R. Civ. P. 60(b).

---

[1] The Court grants Petitioner's request for leave to file in excess of the page limitations.

## II.   ANALYSIS

Rule 60(b) relief is rare and merited "in only the most exceptional cases." *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005) (citation omitted); *see also United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986) (per curiam). Relief under Rule 60(b)(6) specifically requires "extraordinary circumstances," and such circumstances "rarely occur in the habeas context." *Rouse v. United States*, 14 F.4th 795, 799 (8th Cir. 2021) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

The Eighth Circuit encourages district courts to "conduct a brief inquiry to determine whether the allegations in a Rule 60(b) motion in fact amount to a second or successive collateral attack under … 28 U.S.C. § 2255." *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). Per 28 U.S.C. §§ 2244 and 2255(h), this Court cannot consider second or successive habeas petitions without certification from the appropriate court of appeals. This inquiry is essential because a petitioner "may not bypass the authorization requirement . . . for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005).

A Rule 60(b) motion is considered a second or successive habeas petition if it contains a "claim." *Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009). A Rule 60(b) motion contains a "claim" if it "seeks to add a new ground for relief" or "attacks the federal court's previous resolution *on the merits*." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (emphasis in original); *see also Banister v. Davis*, 140 S.Ct. 1698, 1709-10 (2020) (distinguishing between Rule 59(e) and Rule 60(b) motions). If the Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceedings," however, it is not second or successive. *United States v. Lee*, 792 F.3d 1021, 1023 (8th Cir. 2015) (quoting *id.* at 531-32)). *Gonzalez* concerned a state prisoner's

habeas petition and the Court expressly limited its holding to § 2254 cases. *Gonzalez*, 545 U.S. at 529 n.3. But courts in the Eighth Circuit have consistently applied the *Gonzalez* holding to § 2255 cases. *See, e.g.*, *Lee*, 792 F.3d at 1023-24; *Thompson v. United States*, No. 18-3032-CV-W-RK-P, 2018 WL 9649938, at *2 (W.D. Mo. Nov. 2, 2018).

Because Petitioner's Rule 60(b) motion merely rehashes the same arguments that this Court considered in denying habeas relief, it entirely consists of "claims" and must accordingly be dismissed as second or successive pursuant to 28 U.S.C. § 2255(h). *See Sheppard v. United States*, No. 4:02-CV-341 CDP, 2010 WL 2571107, at *1 (E.D. Mo. June 24, 2010) (construing Rule 60(b) motion "merely rearguing the issues that [petitioner] previously asserted" as second or successive). Petitioner's extensive motion (Doc. 41) essentially attempts to rebut each element of this Court's decision denying habeas relief. (Doc. 36). This is clearly an effort by Petitioner to bypass the authorization requirement for second or successive petitions by purporting to invoke Rule 60(b). *Lambros*, 404 F.3d at 1036. The Court will dismiss Petitioner's motion because he has not obtained certification from the appropriate court of appeals for this second or successive petition.

In the alternative, this Court would deny each of Petitioner's arguments on the merits. Petitioner again claims that the Grand Jury lacked probable cause because the prosecution did not provide it with an ATF Form 4473, an argument this Court has squarely addressed. (Doc. 36 at 9). Petitioner also cites *Borden v. United States*, 141 S.Ct. 1817 (2021), for the proposition that a crime with *mens rea* of recklessness cannot qualify as a "violent felony" for purposes of the ACCA. While Petitioner accurately summarizes the *Borden* decision, he ignores this Court's previous explanation that Petitioner's relevant underlying violent felony was for "attempting to cause or knowingly causing physical injury to another person by means of a deadly weapon or

instrument in violation of MO. REV. STAT. § 565.060.1(2)." (Doc. 36 at 12). This offense does not have a *mens rea* of recklessness, and Petitioner's argument that such offense "necessarily encompasses MO. REV. STAT. §565.060.1(3), which has a *mens rea* of recklessness, is contrary to clear Eighth Circuit precedent." (*Id.* at 14). The remainder of Petitioner's motion similarly raises issues which have already been directly addressed by this Court.

The Court will briefly respond to Petitioner's claim that he did not receive certain key documents during the sentencing phase. In the criminal case, the Government filed a Motion to Stay Sentencing pending the Eighth Circuit's decision in *United States v. Swopes*, 886 F.3d 668, 671 (8th Cir. 2018). *United States v. Clark*, No. 4:16-CR-107-JAR-1 (E.D. Mo.), Doc. 197 (hereinafter "*Clark Criminal Case*"). Petitioner now insists he never received the Government's motion. (Doc. 41 at 15). This Court provided Petitioner multiple extensions of time to respond to the Government's motion. *Clark Criminal Case*, Docs. 199, 202. The Court ultimately granted the Government's motion after noting Petitioner had made no objection. *Clark Criminal Case*, Doc. 207. There is no basis in the record for Petitioner's claim that he did not receive the Government's motion, especially considering Petitioner filed other documents while the Government's motion was pending. *Clark Criminal Case*, Docs. 203, 205. At his sentencing hearing, moreover, Petitioner made comments clearly suggesting he in fact had received the Government's motion. *Clark Criminal Case*, Doc. 242 at 17 ("You fraudulently made a request that the [D]efendant respond to the Government's motion for stay. The stay in itself was incomprehensible, and the stay itself did not apply to the circumstances as they were before the Court.").

Petitioner also claims he did not receive the Final Presentence Investigation Report ("FPSI"). (Doc. 41-2). The Court addressed this matter in its order denying habeas relief. (Doc.

36 at 14 n.6). At the sentencing hearing, the Court made substantial efforts to ensure Petitioner had adequate time to review and object to the FPSI. It became apparent that Petitioner had the FPSI among his legal documents but had simply chosen not to review it. *Clark Criminal Case*, Doc. 242 at 37-40. The Court still provided Petitioner an extensive break during which to review the FPSI, and Petitioner ultimately made numerous objections on the record. In these circumstances, there is no basis for habeas relief or an evidentiary hearing regarding Petitioner's claim that he did not receive the FPSI.

Because Petitioner has merely rehashed the arguments raised in his amended motion for habeas relief, the Rule 60(b) motion constitutes a second or successive habeas petition without proper certification from the court of appeals. Each of Petitioner's claims fails on the merits, moreover, for the reasons discussed in this Court's previous Order. (Doc. 36). Petitioner has certainly not demonstrated the extraordinary circumstances required for Rule 60(b) relief in the habeas context. Finally, for the reasons discussed herein, the Court finds that Petitioner has offered no factual basis for his baseless assertion that he did not have an opportunity to respond to the Government's Motion to Stay or the FPSI.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Sacorey Clark's Motion for Relief Under Rule 60(b), Further Relief Under 28 U.S.C. § 2255, and Certificate of Appealability (Doc. 41) **DISMISSED** as a second or successive habeas petition lacking proper certification and, alternatively, **DENIED** to the extent it is treated as a Rule 60(b) motion.

Dated this 3rd day of February, 2022.

                                                JOHN A. ROSS
                                                UNITED STATES DISTRICT JUDGE